# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURIE POWERS**, | Case No. 3:19-cv-284-JR |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **VIOLET ENERGY, INC.**<br>**d/b/a Violet Power,**<br>a Delaware corporation, | |
| Defendant. | |

Philip M. Lebenbaum, HOLLANDER, LEBENBAUM, GANNICOTT & PATRICK, 1500 SW First Avenue, Suite 700, Portland, OR 97201. Of Attorneys for Plaintiff.

Matthew D. Colley, BLACK HELTERLINE LLC, 805 SW Broadway, Suite 1900, Portland, OR 97205; Susan K. Eggum, EGGUM LLC, 2025 NE 44th Avenue, Suite 424, Portland, OR 97213. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Before the Court is Defendant's motion for relief from default judgment, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendant's motion is granted subject to just terms. Plaintiff has leave to file a petition for Plaintiff's reasonable attorney fees incurred in moving for and obtaining an order of default and default judgment, which Plaintiff would not have incurred but for Defendant's failure timely to respond to Plaintiff's summons and Complaint. Further, discovery shall be completed promptly.

## STANDARDS

Rule 60 provides, in relevant part:

> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect[.]
>
> (c)     TIMING AND EFFECT OF THE MOTION.
>
> > (1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(b)(1), 60(c)(1).

The Ninth Circuit has explained that when considering a motion to set aside a default judgment, "[o]ur starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016). A court then considers the following seven factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

Regarding the second factor, the merits of plaintiff's substantive claim, some courts have described this factor as asking whether the party moving to set aside the default judgment has a "meritorious defense." *See, e.g.*, *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508 (9th Cir. 1986). That does not mean, however, that in resolving a motion under Rule 60(b)(1), a court

must decide the merits of the case as would occur after discovery and trial. Instead, "the underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* at 513. "A party in default thus is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." *Id*.

Regarding the sixth factor, excusable neglect, a party must present a "credible, good faith explanation" for any "apparent bad faith intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id*.; *see also United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015) (stating that when evaluating the issue of "excusable neglect" under Rule 60(b)(1), a court should consider whether the party seeking to set aside the default "engaged in culpable conduct," has a "meritorious defense," and whether "reopening the default judgment would prejudice the other party"). As the Ninth Circuit also has stated:

> A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer. As we have previously explained, in this context the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process. We have typically held that a defendant's conduct was culpable for purposes of the good cause factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (simplified). Further, "simple carelessness is not sufficient to treat a negligent failure

to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id*.[1]

## BACKGROUND

In this lawsuit, Laurie Powers (Powers) alleges that Violet Energy, Inc. (Violet Energy) hired Powers, first as Chief of Staff and then as Chief Operating Officer of Violet Energy, at an agreed upon annual salary. Powers further alleges that she performed all the duties of her positions from January 2018 through August 28, 2018, but Violet Energy never paid Powers any wages or reimbursed Powers for expenses that she incurred. Powers alleges a wage claim under Oregon law. The Court has diversity jurisdiction.

Powers served a summons and complaint on the registered agent for Violet Energy on March 8, 2019. Powers moved for an order of default on April 9, 2019, which the Court granted on April 10, 2019. On May 9, 2019, Powers moved for default judgment, which the Court granted on May 10, 2019. On April 27, 2020, 353 days after service (13 days shy of one year), Violet Energy moved for relief from judgment, pursuant to Rule 60(b)(1).

## DISCUSSION

The Court first determines the timeliness of the motion under Rule 60(c)(1). Next, the Court evaluates the seven factors identified in *NewGen*, 840 F.3d at 616, including excusable

---

[1] Similarly, the Supreme Court has explained that "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). Further, the relevant "guideposts for determining what sorts of neglect will be considered 'excusable'" are "the danger of prejudice. . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395.

neglect. Finally, the Court considers whether, if the motion to set aside the default judgment were granted, any additional "just terms" would be needed pursuant to Rule 60(b).

## A. Timeliness

Rule 60(c)(1) provides that a motion for relief from judgment "must be made within a reasonable time" and, for motions pursuant to Rule 60(b)(1), "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Because the default judgment in this case was entered on May 10, 2019 and Defendant's motion for relief was filed on April 27, 2020, Defendant's motion is timely under the first clause of Rule 60(c)(1), by the skin of its teeth. The Court, however, also must determine whether Defendant's motion was made within a "reasonable time." A motion filed under Rule 60(b)(1) "may be denied, although it was filed within the one year period, if the district court finds that the defendant was guilty of laches or unreasonable delay." *Meadows v. Dominican Republic*, 817 F.2d 517, 520-21 (9th Cir. 1987).

Defendant's chief executive officer explains that Defendant first learned in August 2019, through a financial due diligence process conducted by a potential banking partner, that Plaintiff had obtained a default judgment. ECF 16, at ¶ 15. Defendant then "made inquiries as to how to respond" and only after Defendant's retention of new legal counsel did Defendant learn of the opportunity "to seek relief from the default judgment" and defend the lawsuit on the merits. *Id*.

Although Defendant's written submissions do not state when Defendant retained new legal counsel, at oral argument Defendant's counsel stated that she was first contacted by Defendant in December 2019 and then spent some time investigating whether there was an appropriate basis for seeking relief from judgment. As noted, Defendant's motion for relief from judgment was filed on April 27, 2020. The Court finds that Defendant moved for relief within a reasonable time, although this is a close call.

**B.  The Seven *NewGen* Factors**

**1.  Prejudice to the Plaintiff**

Other than commenting on the length of delay, Plaintiff does not contend that Defendant's failure timely to respond to Plaintiff's Complaint has caused any specific prejudice to Plaintiff. *See* ECF 23 at 11. The only prejudice that may be present would be the time and fees incurred by Plaintiff's counsel in preparing Plaintiff's motion for order of default (ECF 8, 9, and 10) and Plaintiff's motion for default judgment (ECF 12 and 13). Plaintiff has leave to file a petition for attorney fees for this work pursuant to the Court's authority under Rule 60(b) to set "just terms" for the granting of Defendant's motion for relief from default judgment. This factor, in conjunction with appropriate "just terms," supports allowing the underlying dispute to be resolved on the merits.

**2.  The Merits of Plaintiff's Substantive Claim**

The primary dispute in this lawsuit appears, at least at this stage of the litigation, to be whether Plaintiff was Defendant's employee working for an agreed-upon salary, as Plaintiff alleges, ECF 1, or whether Defendant had no employees and Plaintiff was merely one of "a number of individuals [who] offered to volunteer their time to assist" Defendant's chief executive officer, as Defendant contends. ECF 4, at ¶¶ 9-10, 16. In support of Plaintiff's position, Plaintiff submits, among other documents, a letter to Plaintiff from Defendant dated August 29, 2018. That letter reads, in its entirety, as follows:

> On behalf of Violet Power, I want to thank you for your service to the company through your resignation date of August 27, 2018.
>
> To compensate you for work performed, Violet Power will disburse the amount of $189,524.90. This amount is comprised of $175,784.62 in accrued wages and $13,740.68 in expense reimbursement. This amount will be paid seven (7) business days after Violet Power secures start-up financing.

> Thank you for the role you played during our start-up operations.
> We wish you much success in your future endeavors.

ECF 33 at 5 (Ex. C-1). The letter purports to be signed by Desari Strader, the chief executive

officer of Defendant Violet Energy, Inc., doing business as Violet Power. Further, it appears that

a PDF copy of this letter was attached to an email sent on September 4, 2018 from Ms. Strader to

Ms. Powers. On its face, this letter and other documents[2] appear to support Plaintiff's position on

the merits.[3]

Ms. Strader, however, in a declaration signed under penalty of perjury, asserts that

Plaintiff, Ms. Powers, "forged" Ms. Strader's signature on that correspondence. ECF 16 at ¶ 16.

At oral argument, the parties agreed that the letter dated August 29, 2018, bearing Ms. Strader's

signature (ECF 33 at 5; Ex. C-1) was "signed" with Ms. Strader's electronic (or mechanical)

signature. The parties also agreed that Ms. Powers and Ms. Strader each had access to

Ms. Strader's electronic signature. The disagreement appears to be that Ms. Powers contends that

she received the August 29th letter from Ms. Strader with Ms. Strader's electronic signature

already affixed, while Ms. Strader contends that Ms. Powers "forged" that letter and placed

Ms. Strader's electronic signature on that letter without the knowledge or consent of

Ms. Strader.[4] This factual dispute is sufficient to establish "some possibility that the outcome of

the suit after a full trial will be contrary to the result achieved by the default," which is all that

---

[2] For example, Plaintiff also submits an email from Ms. Strader to Ms. Powers dated June 30, 2018, in which Ms. Strader writes "$269,000 in annual pay" with "Starting bonus and back-up - $112,000.00." *See* ECF 33 at 3 (Ex. A).

[3] The Court saves for another day the issue of what meaning and legal effect, if any, to attach to the statement in the second paragraph of the August 29th letter: "This amount will be paid seven (7) business days after Violet Power secures start-up financing."

[4] Both Ms. Powers and Ms. Strader attested to their respective contentions under penalty of perjury. *See* ECF 16, at ¶ 16 (Strader Decl.) and ECF 22, at ¶ 12 (Powers Decl.).

Defendant need show to establish a meritorious defense for purposes of Rule 60(b)(1). *See Hawaii Carpenters' Tr. Funds*, 794 F.2d at 513. Thus, this factor supports allowing the underlying dispute to be resolved on the merits.

### 3. The Sufficiency of the Complaint

Defendant does not contend that Plaintiff's Complaint is legally insufficient or otherwise procedurally defective. *See* ECF 15. Defendant merely disputes the merits and factual accuracy of Plaintiff's allegations. On the question of whether the Judgment should be vacated, this factor is neutral.

### 4. The Sum of Money at Stake in the Action

Plaintiff requested $211,982.28 in her Complaint. ECF 1. In the Judgment entered in this case, the Court awarded that amount to Plaintiff, plus post-judgment simple interest at the rate of nine percent per year, beginning May 10, 2019. The amount of money at stake in this action is significant. This factor supports allowing the underlying dispute to be resolved on the merits.

### 5. The Possibility of a Dispute Concerning Material Facts

As previously discussed under the subheading addressing the merits of Plaintiff's substantive claims, there appears to be a serious dispute concerning material facts. Both Ms. Powers and Ms. Strader have submitted competing declarations in which Ms. Strader states, under penalty of perjury, that Ms. Powers "forged" the letter dated August 29, 2018 and Ms. Powers states, also under penalty of perjury, that she did not and that the letter was sent to her by Ms. Strader. *See* n.4 and related text. This factor supports allowing the underlying dispute to be resolved on the merits.

### 6. Excusable Neglect

Plaintiff filed this lawsuit on February 26, 2019 (ECF 1) and completed service on Defendant's registered agent in Delaware on March 8, 2019. Ms. Strader states in her declaration

that Violet Energy's corporate law firm, Harris Bricken, made her "aware of the Powers lawsuit in February 2019." ECF 16, at ¶ 11. Ms. Strader adds that she then asked Shelli Honeywell "to develop a legal strategy without counsel" to defend this lawsuit. *Id*. According to Ms. Strader, although Ms. Honeywell graduated from law school, she was not a practicing attorney; nevertheless, Ms. Honeywell had "volunteered to serve as acting General Counsel and Chief Financial Office for Violet Power beginning in approximately October 2018." *Id*. at ¶ 9. As of August 2019, Ms. Honeywell was no longer volunteering with Defendant. *Id*. Also according to Ms. Strader, Ms. Honeywell recommended that Violet Power retain Trent Whitford in January 2019 to work on resolving Defendant's dispute with Ms. Powers. *Id*. at 12.

In 2019, Ms. Strader was very busy with other business needs of Defendant. *Id*. at 13. Ms. Strader further explains that "[Ms.] Honeywell and other subordinates in the company either did not understand [Ms. Strader's] instructions to secure a defense to the Power suit[] or failed to carry out [Ms. Strader's] instructions." *Id*. at 14. She candidly acknowledges that she "failed to adequately follow up on assuring that the task [she] delegated was executed." Id. at ¶ 14. As noted earlier, Ms. Strader learned of the default judgment in August 2019. *Id*. at 15. After first assuming there was nothing that could be done, Ms. Strader eventually found other counsel to advise her, which resulted in the pending motion.

Putting aside the parties' dispute over whether the letter dated August 29, 2018 was "forged," including the competing declarations, Plaintiff presents no evidence that Defendant acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process, by allowing a default judgment to be taken. Thus, there is no culpable conduct sufficient to preclude a finding of

excusable neglect. *See Mesle*, 615 F.3d at 1092. This factor supports allowing the underlying dispute to be resolved on the merits.

### 7.  The Strong Policy Favoring Decisions on the Merits

This factor supports allowing the underlying dispute to be resolved on the merits.

## C.  Whether Any Additional "Just Terms" Are Needed

As explained by Wright & Miller,

> Relief from a judgment is to be on "just terms." Thus the court, in addition to its general discretion whether to reopen a judgment, has further discretion to impose those conditions it deems fit, with the moving party then having the choice either of complying with the conditions or allowing the judgment to stand. The conditions are within the court's power so long as they are a reasonable exercise of discretion.

11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2857 (3d ed.); *see also Morisse v. Defensive Instruments, Inc*., 55 F.R.D. 433 (E.D. Wis. 1972) ("Rule 60(b) provides for relief 'upon such terms as are just'; I believe that the plaintiffs are entitled to substantial terms in connection with the default motion, the oral hearing thereon, and this application to set aside the default. The defendant was properly served in this case and was also advised by the court of the scheduled hearing on the plaintiffs' application for a default judgment. The grant of the defendant's motion will be conditioned upon the payment by the defendant to the plaintiffs or their counsel of the sum of $400.00 within ten days of the filing of this decision and order.").

As previously noted, Plaintiff focuses on the length of delay rather than on any specific prejudice. The Court has read Ms. Strader's declaration (ECF 16) and is concerned that given her very busy schedule, Defendant may cause even further delay in bringing this dispute to resolution by not promptly complying with its discovery obligations. Accordingly, one of the "just terms" imposed by the Court in granting Defendant's motion is that Defendant promptly

comply with all reasonable discovery requests, including the deposition of Ms. Strader, within 90 days from the date of this Opinion and Order, if requested by Plaintiff. Also, to be fair to both sides, if Plaintiff requests that Ms. Strader's deposition be taken within 90 days, then Plaintiff herself also must submit to a deposition within 90 days, if requested by Defendant.

Further, as previously discussed, Plaintiff has leave to file a petition for reasonable attorney fees incurred in moving for and obtaining an order of default and default judgment. Those actions would not have been necessary (and no time would have been spent on those actions) had Defendant timely responded to the summons in this action. Thus, it is only just and reasonable to require Defendant to pay Plaintiff for that time as a condition of the Court granting Defendant's motion for relief from default judgment.

## CONCLUSION

Defendant's Motion for Relief from Judgment (ECF 15) is GRANTED subject to just terms. Plaintiff has leave to file a petition for Plaintiff's reasonable attorney fees incurred in moving for and obtaining an order of default and default judgment.

**IT IS SO ORDERED**.

DATED this 23rd day of July, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge