IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURIE POWERS**, | Case No. 3:19-cv-284-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **VIOLET ENERGY, INC.**<br>**d/b/a Violet Power,**<br>a Delaware corporation**,** | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation (F&R) in this case on June 21, 2021. ECF 73. Judge Russo recommended that this Court deny Plaintiff's Motion for Entry of Judgment (ECF 49), deny Defendant's Motion to Enforce Settlement Agreement (ECF 57), and deny Defendant's Motion for Attorney's Fees and Costs (ECF 60).

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations,

PAGE 1 – ORDER

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 75. Plaintiff argues that the confession of judgment Defendant signed was enforceable upon Defendant's failure to pay an agreed upon settlement amount, and did not require acceptance by Plaintiff. Defendant responded to Plaintiff's objections, arguing that Plaintiff's objections were merely a repetition of earlier briefing and that the F&R had correctly addressed the underlying legal questions. ECF 76. Defendant, in a footnote, also raised an objection to Judge Russo's recommendation that Defendant's Cross-Motion to Enforce Settlement Agreement be denied. This objection was made on July 19, 2021, well after the deadline for objections had passed. *See* ECF 74 (setting a deadline of 14 days after June 21, 2021 for filing of specific written objections to the F&R). The Court declines to review untimely objections *de novo*.

The Court has reviewed *de novo* those portions of Judge Russo's Findings and Recommendation to which Plaintiff has objected, as well as Defendant's response. The Court agrees with Judge Russo's reasoning and adopts the Findings and Recommendation, with one correction. On page 4, the Findings read: "However, as noted above, the acceptance of the offer by plaintiff was ***unequivocal*** at best and the filing of the confession of judgment seeking a substantially greater amount does not demonstrate a positive, unconditional, unequivocal and unambiguous acceptance of the terms of the offer with a change in the timeline." ECF 73 at 4 (emphasis added). There is a typographical error in that sentence, and it should read: "However, as noted above, the acceptance of the offer by plaintiff was ***equivocal*** at best and the filing of the confession of judgment seeking a substantially greater amount does not demonstrate a positive, unconditional, unequivocal and unambiguous acceptance of the terms of the offer with a change in the timeline."

**IT IS SO ORDERED.**

DATED this 20th day of July 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge